3:24cv-4-DJH

United States District Court

Western District of Kentucky

Case No:

FILED
JAMES J. VILT, JR. - CLERK

JAN - 3 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Peppy Martin, pro se          Plaintiff

v.

State Farm Insurance Co.      Defendant

CIVIL CASE

State Farm Insurance Company, doing business in Kentucky, Refuses to honor its duty to make a claim good, despite assuming "100% liability" for their client, an Ohio woman who damaged Plaintiff's car on March 20, 2023 when she side-swiped it in Louisville.

Despite multiple correspondence, phone calls, and examination of body Damage by their recommended body shop, State Farm has yet to pay Plaintiff.

Defendant is accused of Federal Bait and Switch, common-law fraud, Breach of contract 41 US code # 6503, Professional Service Malpractice KRS413.140(1)(a).

As a result of said delay, Plaintiff has experienced personal injury to her 2nd vertebrae and right arm for needing to reach back or crawl between The seats to retrieve anything from middle of her van, as the working

Driver's sliding door is inoperable as a result of said collision.

It should be noted that the affected spinal injury controls nerve regulating heart Beat.

Their body shop declared that car a "total loss," but this is an internal Designation for State Farm, not anything that affects drivability of vehicle or Should be flagged with Motor Vehicles.

Nonetheless, Defendant insists that Plaintiff surrender a "salvage tag" as a Prerequisite for taking the lesser of 2 sums offered in settlement. Defendant Knows or should know that a salvage tag will automatically make the vehicle Inoperable on Kentucky roads, as they will pull the license tag and not Restore it until paperwork meanders through Frankfort and the car is totally Fixed and inspected by KSP.

Plaintiff is damaged by this unreasonable request, as she only has one vehicle Which she uses daily.

In September, Plaintiff offered to accept less than the lower offer in order to Settle the matter, and this was refused.

Federal question to be solved is: can a company make up its own rules post-event To improve its bottom line? Defendant has most likely raised the perpetrator's Premium to cover damages and then makes the requirements so high, it doesn't

Have to cover those damages in Claim # 17-46M132W.

This is Plaintiff's ONLY accident, and it continues to be a hurtful Experience, through no fault of hers, to date … all over a salvage tag That no agency even wants but only Defendants.

Plaintiff asks the Court for compensatory damages in the amount of $ 1.2 Million and punitive damages of $ 300,000.

*Peppy Martin* (signature)

Peppy Martin

4330 Glenview Avenue

Glenview, Kentucky 40025

peppymartin@gmail.com

Certificate of Merit

Plaintiff has met requirements of Kentucky to speak with a healthcare Provider prior to filing suit for personal injury.